The .counsel for Lansdown presented the following petition for a re-hearing:

■ Lansdown, by his counsel, respectfully solicits of the court a reconsideration of the record in this cause, and of the opinion delivered; under the conviction., that one count in the declaration, and probably two, may, upon a strict examination of their language, be found not liable to the objections stated in the opinion.
The court have said, that Lansdown’s judgment should have been arrested, because the declaration was insufficient, that “a parol acceptance would not bind May, for there is no consideration to support such an undertaking, for it does not appear that Lansdown released Mason in consequence of the order and acceptance, or that the debt from Mason to Lansdown, and the debt from May to Mason, were thereby settled and discharged.” And if the acceptance were in writing, the court decide that it is a covenant on which an action of covenant should be brought.
Petition fora, re-hearing,
The third count of the" declaration, e-xprcssly ¡i¡-leges, that the accepted order was d elivered by Ma yon, and accepted by Lansdown, in discharge of the $>100 due from Mason to Lansdown; the very fact which, in the sentence a hove quested, is said not to appear; and the appearance, of which fact, it is to be inferred from the same sentence, would have shown a sufficient consideration to support the undertaking of May, &c.
The third count substantially states, that Mason being indebted to .Lansdown in the sum of $¡100, drew an order in his favor for that amount in groceries, which order, being accepted by May, Mason delivered-the accepted order to Lansdown, who accepted it in-discharge of the debt of $100 due him from Mason; that Lansdown afterwards presented the order to May, who “ accepted and received it,” and, in consideration of accepting and receiving it, undertook to pay the amount iu groceries to Lansdown. It also states, that May still retains the order.
What is the consideration laid in this count, for (he .assumpsit -of May? It is the delivering by Lansdown to May, and the receiving by May of'the accepted order; which accepted order had been previously received, by Lansdown from the drawer, in discharge of a debt oí the same amount. What does May give for this order, with his acceptance on it? He gives his parol assumpsit to pay the amount. Did lie not receive a quid- pro quo? The order of Mason upon hirn, with his acceptance upon it, was in the hands of Lans-down. Was he not liable upon that acceptance? Was not the cancelment or extinction of that order a valuable consideration? Was it not a benefit to May? But a benefit to the promisee, is not the only consideration that is sufficient to support the promise for any damage, or any suspension or forbearance of his right, or any possibility of loss, occasioned to plaintiff by defendants’s promise, is a sufficient consideration to support such a promise; 1 Sanders, 213. Was not the delivery of the order to May, who had previously accepted it, a sufficient consideration to support his as-sumpsit to pay the amount? it is apprehended, that the court has neither decided, nor intended to decide this question; and it is confidently believed, that up *168 on a scrutiny of the third count, it will be seen that upon that count this question is presented.
Petition for re-hearing. a
The third count is not founded upon the “acceptance of May,” &c.; it is not against him merely as acceptor of the order; it is not for a breach of the contract of acceptance; for, according to the statement o.f that count, the order and acceptance were delivered up to May, and his contract of acceptance extinguished. arid his parol assumpsit taken inlieuof it; and the third countisforthe breach of this parol assumpsit. Admitting then that the acceptance of May was a covenant, Lansdown bavrng-grven up to him that covenant, and received his parol assumpsit, could not have resorted again to the covenant, but was compelled to sue in assumpsit for the breach of the parol promise. It would have been so, if he had thus given up May’s promissory note, upon a parol promise to pay the amount. So long as obligee holds the note, it may not be merged or exiinguished by an unexecuted parol promise; but if he delivers it to obligee, who, in consideration thereof, assumes, &c. the note is virtually can-celled, and he can rely upon the assumpsit only.
The words “ accepted and received,’’describe what was the consideration of May’s assumpsit, and ma'y have been mistaken for an informal description of the act of “ acceptance;” but the acceptance of the order by May is previously described; and the allegation, that he still retained it, show that these words, “ received and accepted,” were intended to designate an actual reception, and not the mere acceptance of the brder, as the consideration of the assumpsit. It is believed, that the first count is also of the same nature, as to this point with the third, though the introductory part is somewhat different, stating the indebtedness of Mason to Lansdown, and of May to Mason, without stating expressly that either debt was discharged by the order, or its acceptance; but, as is conceded, strongly implying that both debts were so ■'discharged by the promise of May sued on. In this, as in the third count, it appears that the order was accepted by May before it was delivered to Lans-down: in both it is to be inferred, that the acceptance of May was the inducement to Lansdown to receive it: in both counts it appears that, after the accepted or- *169 ésr was delivered io Lansdown, he presented it to May, who “accepted and received it,” and,In oration thereof, assumed,” <fcc. Is there no ation here, according to the authority above referred to-? .
Petition for re-hearing.
The second count is the only one that is really based upon the acceptance: it makes the indebtedness of May to Mason, the consideration of May’s acceptance, and the acceptance the ground of the promise. A comparison of the language of this count, with that of the others, will show that the construction above contended for, is the real construction of the first and third Counts; and if that is the real construction of both, or either, the counsel for Lansdown entertains the sanguine belief, that the court will not retain the opinion that the judgment ofLansdown should be reversed, as he supposes (hat a different construction of those counts, (into which he may himself have fallen,) was taken by the court, if the construction now contended for be correct, the fact that the acceptance was in writing, and therefore amounted toa covenant, would not affect the form of action upon the facts stated in the first and third counts; but the second count would fee affected by that fact.
The fact is in this case, and the record shows it, that the acceptance of May was in writing endorsed on the order, and signed with his name; and such, it is contended, is the natural inference also from the allegation, (in the first and third counts,) that it was accepted, before its delivery to Lansdown; the second count simply alleges that it was accepted; but it is not deemed necessary to attempt, in defence of the second count, to re-examine the question, as to whether a written acceptance is a covenant.
The counsel for Lansdown asks the court to re-examine the declaration, which is admitted to be informally drawn, for the purpose of determining, whether the fair and proper construction of the first and third counts is not as contended for above; and whether, upon that construction, they are not (or at least one of them,) substantially good, both as to the form of action and the sufficiency of consideration; and that, a re-hearing be granted, or such a modification of the opinion of the court be madey-a^on consideration of *170 the matters herein contained, may seem proper. AH which is respectfully submitted, &,c.
Order paya-r/es^s *aoo(Tp-ted by drawee by a written thereon^nd afterwardson drawee’s pa-tile taking in of the order, consideration of drawee’s parol promise sufficient to' uphold it, anti assumpsit will ie on i. rol promise, discharge it, • payee eurren-ders to him the order; if by drawee, appears to have been a» settlement of the debt due by him to drawer, and also of that